DIXIE MILLBURN SELBY,            )
                                 )
      Plaintiff/Appellee,        )     Appeal No.
                                 )     01-A-01-9604-CH-00159
v.                               )
                                 )     Rutherford Chancery
LANDON SELBY,                    )     No. 94DR-775
                                 )
      Defendant/Appellant.       )

FILED

December 6, 1996

Cecil W. Crowson
Appellate Court Clerk

COURT OF APPEALS OF TENNESSEE

MIDDLE SECTION AT NASHVILLE

APPEAL FROM THE CHANCERY COURT FOR RUTHERFORD COUNTY

AT MURFREESBORO, TENNESSEE

THE HONORABLE DON R. ASH, CHANCELLOR

DAVID W. GARRETT
214 Second Avenue, North
Suite 103
Nashville, Tennessee  37201
      ATTORNEY FOR PLAINTIFF/APPELLEE

TERRY A. FANN
Waldron and Fann
202 West Main Street
Murfreesboro, Tennessee  37130
      ATTORNEY FOR DEFENDANT/APPELLANT

AFFIRMED AND REMANDED

# MEMORANDUM OPINION[1]

This is an appeal by defendant/appellant, Landon Selby, from a decision of the chancery court which granted appellant and plaintiff/appellee, Dixie Millburn Selby, a divorce and distributed the parties' marital and separate assets. The facts out of which this case arose are as follows.

The parties married on 17 July 1987. At the time of the marriage, appellant was forty-nine and appellee was forty-seven. Both parties entered the marriage with separate property. Appellee owned six duplexes on Glaze Court and five lots in Dixieland Estates ("the lots"). The duplexes were encumbered by a $140,000.00 debt. Appellant owned a house, a truck, and a boat and trailer all of which were free of debt.

Three years after the wedding, appellant lost his job. He began managing the Glaze Court duplexes and the lots instead of obtaining outside employment. Appellant claimed that his management increased the property values. In addition, he pointed out that at the time of the divorce the parties had reduced the debt on the duplexes to $29,365.00 and claimed that this was due, in part, to his management.

During the marriage, appellee accumulated retirement benefits of $14,809.15 and appellant accumulated retirement benefits of $8,538.30. The parties maintained joint banking

---

[1]Court of Appeals Rule 10(b):
The Court, with the concurrence of all judges participating in the case, may affirm, reverse or modify the actions of the trial court by memorandum opinion when a formal opinion would have no precedential value. When a case is decided by memorandum opinion it shall be designated "MEMORANDUM OPINION," shall not be published, and shall not be cited or relied on for any reason in a subsequent unrelated case.

accounts. In addition, they had two certificates of deposit worth $10,000.00 each. The parties also purchased a seventh duplex at 1026-28 Glaze Court.

The parties separated on 11 July 1994. On that date, appellee withdrew a total of $44,000.00 from the parties' joint account and the duplex account. Appellee filed her complaint for divorce on 15 July 1994. On 11 August 1995, the parties filed a Joint Stipulation and Statement in Compliance with Rule 12.02 of the local rules. Two of the items left blank in the stipulation were the agreed values of the appreciation of the properties brought into the marriage by appellee.

The court entered its final decree of divorce on 7 September 1995. The court awarded the parties a divorce and distributed the marital and separate property. Appellant received: 1) one $10,000.00 certificate of deposit; 2) equity in the Thompson Mechanic retirement account ($8,593.29); 3) appreciation in the house on Holston Drive ($7,000.00); 4) duplex at 1031-33 Glaze Court ($40,000.00); 5) John Deere tractor ($1,750.00); 6) funds in cash investment account ($16,259.50); 7) checking account ($13,500.00); 8) home on Holston Drive, his truck, and his boat and trailer; and 9) furniture and other personal items. In addition, the court held that the Thompson Mechanic retirement account equity was a marital asset and that the home on Holston Drive, the truck, and the boat and trailer were separate assets. Appellee received: 1) appreciation on the 6 Glaze Court duplexes brought into the marriage by appellee ($50,000.00); 2) duplex at 1026-28 Glaze Court; 3) appreciation on the lots ($20,000.00); 4) one $10,000.00 certificate of deposit; 5) responsibility for the note on the duplexes ($29,265.91); 6) the Glaze Court duplexes; 7) duplex account ($28,702.00); 8) 1992 Caprice Classic ($12,500.00); 9) VA thrift savings plan ($9,641.27); 10) SEP account ($5,167.88); 11)

3

the lots; 12) furniture and other personal items; and 13) Calvary Bank checking account. Moreover, the court specifically held that the appreciation in the properties owned by appellee prior to the marriage was a marital asset as well as the duplex located at 1026-28 Glaze Court. As to appellee's separate property, the court held that the properties brought into the marriage by appellee and her Calvary Bank checking account were separate assets. Although the court did not clearly identify each asset as marital or separate or value each asset, it found that it had awarded appellant $97,102.79 in marital assets and appellee $106,644.09 in marital assets.

On 19 September 1995, appellant filed a motion to alter or amend. Appellant argued that the court failed to consider the $44,000.00 in withdrawals made by appellee and the reduction in the debt on the Glaze Court properties. On 29 December 1995, the court entered an order on appellant's motion. The court found that it should have considered $26,000.00 of the $44,000.00 which appellee had withdrawn from the parties' joint account. Thus, the court adjusted the parties' cash awards by ordering appellee to pay appellant $5,520.00. The court held that appellant's claim as to the reduction in debt was without merit.

Appellant filed his notice of appeal on 5 January 1996 and presented the following issues:

1. Whether the trial court erred in its valuation and distribution of the separate and marital property of the parties?
2. Whether the trial court erred by failing to value the equity gained in the duplex properties as marital property, and to include as the equity position of the duplex properties debt reduction which was paid during the marriage, as well as the appreciation in said real property?

In her reply brief, appellee responded to these issues and requested attorney's fees on appeal.

4

We have reviewed this record and are of the opinion that the evidence does not preponderate against the trial court's division of the marital property or of the separate property. The evidence further does not preponderate against the trial court's evaluation of the equity in the duplex properties.

We are of the opinion that appellee is entitled to an award of attorney's fees on appeal. On remand, the trial court shall determine a reasonable fee for the attorney's representation of appellee on appeal.

Therefore, it results that the judgment of the trial court is in all things affirmed, and the cause is remanded to the trial court for any further necessary proceedings. Costs on appeal are taxed to the defendant/appellant, Landon Selby.

_____
SAMUEL L. LEWIS, JUDGE


CONCUR:


_____
HENRY F. TODD, P.J., M.S.


WILLIAM C. KOCH, JR., J.
DISSENTING IN SEPARATE OPINION

5